# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**MARGARET DENISE BICKERSTAFF,**
*Individually, and on behalf of herself and others similarly situated as a class,*

Plaintiff,

v.  No. _____

**BROOK VALLEY THRIFT STORES, INC.,**

**FLSA Collective Action**
**JURY DEMANDED**

Defendant.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Margaret Denise Bickerstaff ("Plaintiff"), individually, and on behalf of herself and others similarly situated as a class, files this Collective Action Complaint, averring as follows:

### I. INTRODUCTION

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") brought against Brook Valley Thrift Stores, Inc. ("Defendant") by Plaintiff, individually, and on behalf of herself and other similarly situated hourly-paid managers as a class. Plaintiff and putative class members were employed by Defendant during the three (3) years preceding the filing of this Complaint. Plaintiff and the class seek damages for unpaid overtime

compensation.. These claimsare unified through a common theory of Defendant's FLSA violations.

## II.     JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.*, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Plaintiff worked for Defendant in this district and Defendant has conducted business within this district during all relevant periods to this action.

## III.     PARTIES

4. Brook Valley Thrift Stores, Inc., is an Alabama Corporation with its principal offices located at 4880 Valleydale Road, Birmingham, Alabama 35242-4611. According to the Tennessee Secretary of State, it may be served via its registered agent: Melanie Butler, 3780 Nolensville Pike, Nashville, Tennessee 37211-3323.

5. Plaintiff Bickerstaff was employed by Defendant as an hourly-paid manager during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff Bickerstaff's "Consent to Join" this collective action is attached hereto as *Exhibit A*.

## IV.     FACTUAL BASIS FOR SUIT

6. Defendant operates approximately twenty-five (25) retail thrift stores in Alabama, Florida, Georgia, Tennessee, and Texas, including one in Clarksville, Tennessee at which store Plaintiff Bickerstaff was employed. This store was, and is, referred to simply as "City Thrift." In Texas, Defendant operates as "Texas Thrift." In

Nashville, Tennessee it operates as "Music City Thrift." Defendant operates as "City Thrift" at all other locations.

7. Plaintiff and other similarly situated hourly-paid managers worked forty (40) or more hours per week for Defendant within weekly pay periods during all times material to this action.

8. Defendant has been the "employer" of Plaintiff and other similarly situated hourly-paid managers within the meaning of 29 U.S.C, § 203(d) and § 203(r) at all times material to this action.

9. Plaintiff and those similarly situated have been "employees" as defined by Section 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this collective action.

10. At all times material to this action, Defendant has been an enterprise engaged in commerce and production of goods for commerce as defined by Section 203(s)(1) of the FLSA.

11. Plaintiff and other similarly situated hourly-paid managers also have engaged in commerce during the applicable statutory period.

12. At all times material to this action, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203 (s)(1) of the FLSA, with annual revenues in excess of $500,000.00.

13. Defendant has been responsible for the implementation and administration of its pay practices.

14. Defendant has had a time keeping system in which Plaintiff and those similarly

situated were required to "clock-in" and "clock-out" for the purpose of recording their compensable work time during the three (3) year period preceding the filing of this Complaint.

15. Defendant's agents "edited out"/shaved time Plaintiff and putative class members spent performing compensable tasks.

16. Plaintiff was told her time had to be edited/shaved because she "had too much overtime."

17. Plaintiff and those similarly situated have been subject to Defendant's aforementioned timekeeping and compensation plans, policies, and practice during all times relevant to this action.

18. In addition, Plaintiff and similarly situated hourly-paid managers were required to engage in work-related communications (via telephone calls, text messages and email messaging) with other management and supervisory personnel, employees and others during "off-duty" hours, all without being compensated for such "off the clock" hours at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this action.

19. Defendant was aware of the aforementioned "off the clock" time of Plaintiff and other similarly situated hourly-paid managers but yet failed to compensate them at the applicable FLSA overtime compensation rates of pay for such "off the clock" time.

20. The aforementioned claims of Plaintiff and those similarly situated are unified through a common theory of Defendant's FLSA violations.

21. Defendant willfully and, with reckless disregard to the FLSA's overtime compensation requirements, failed to compensate Plaintiff and similarly situated hourly-paid managers for all compensable hours at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this Complaint.

22. Defendant's common plans, policies and practices of not compensating Plaintiff and those similarly situated for all their compensable overtime hours at the applicable FLSA overtime compensation rates of pay violated the FLSA.

23. As a result of Defendant's lack of good faith and willful failure to pay Plaintiff and those similarly situated in compliance with the overtime compensation requirements of the FLSA, Plaintiff and class members have suffered lost wages as well as other damages.

24. The net effect of Defendant's common plan, policy, and practice of depriving Plaintiff and those similarly situated the required overtime compensation for all compensable hours of work is that it has unjustly enriched itself and enjoyed ill-gained profits at the expense of Plaintiff and other similarly situated hourly-paid managers.

## V. FLSA COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings this case as a collective action on behalf of herself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, , attorneys' fees and costs, and other damages owed.

26. The proposed collective class of similarly situated persons is defined as:

> All current and former hourly-paid managers employed by Defendant who were not paid for all hours worked at the applicable FLSA overtime compensation rates of pay, occurring anywhere in the United States within weekly pay periods during the three (3) years preceding the filing of this action ("Class Members"). [1]

27. Plaintiff seeks to pursue her unpaid wage claims against Defendant on behalf of herself, individually, and on behalf of herself and all other similarly situated hourly-paid managers as a class.

28. Plaintiff and class members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common policy, plan and practice that resulted in a failure to pay Plaintiff and class members for all their compensable hours at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this action.

29. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendant's pay and compensation policies and practices.

30. This action is properly maintained as a collective action because the claims of Plaintiff and class members are unified through a common theory of Defendant's FLSA violations.

31. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted or refused to

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

32. Plaintiff will fairly and adequately protect the interests of the class as her interests are in complete alignment with those of class members, i.e., to pursue their aforementioned unpaid compensation claims.

33. Counsel for Plaintiff will adequately protect her interests as well as the interests of all putative class members.

34. Defendant's conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and the collective class.

35. Defendant did not have a good faith basis for its failure to compensate Plaintiff and class members for all their "off the clock" hours worked at the applicable FLSA overtimes rates of pay within weekly pay periods during all times material to this action.

36. Therefore, Defendant is liable to Plaintiff and class members under the FLSA for failing to properly compensate them for their aforementioned unpaid overtime hours within weekly pay periods during all times material.

37. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid wages, as well as liquidated damages, under the FLSA, and the other relief

7
Case 3:21-cv-00392   Document 1   Filed 05/14/21   Page 7 of 11 PageID #: 7

requested herein.

38. Plaintiff estimates there are more than one hundred members in the collective class. The precise number of collective class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail, and by posting notice at each of Defendant's thrift stores.

39. Plaintiff and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
**(Violations of the Fair Labor Standards Act)**

40. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

41. At all relative times, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

42. Defendant has been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all times material to this action.

43. Defendant employed Plaintiff and each of the class members under the coverage of the FLSA, during all times relevant to this complaint.

44. At all relevant times, Plaintiff and class members were "employees" of Defendant within the meaning of the FLSA's overtime wage requirements.

45. Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

46. Defendant's common plan, de facto policy and/or practices (as previously described) have violated the FLSA.

47. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

48. Defendant's said actions and failures were willful with reckless disregard to clearly established FLSA principles.

49. Defendant's said actions and failures were not in good faith.

50. The unpaid overtime compensation claims of Plaintiff and the class are unified through a common theory of Defendant's FLSA violations.

51. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

52. Therefore, Defendant is liable to Plaintiff and other members of the class for actual

damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

(a) Award Plaintiff and similarly situated employees all unpaid overtime compensation against Defendant;

(b) Find and declare Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

(c) Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

(d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

(e) Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

(f) Award post-judgment interest and court costs as allowed by law;

(g) Enter an Order designating this action as an opt-in collective action under the FLSA;

(h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

(i) Allow Plaintiff to amend this Complaint, if necessary, as new facts are discovered;

(j) Provide additional general and equitable relief to which Plaintiff and the class may

be entitled; and

(k) Provide further relief as the Court deems just and equitable.

## **JURY DEMAND**

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.


Dated: May 14th, 2021.                    Respectfully Submitted,

*s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #37004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY*